UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Thorco Projects A/S**,<br><br>                Plaintiff,<br><br>      v.<br><br>**Sucres et Denrees SA of Paris**,<br><br>                Defendant,<br><br>**Coffee America (USA) Corporation**,<br><br>                Garnishee. | Civil Action No. _____ |

VERIFIED COMPLAINT IN ADMIRALTY

Plaintiff Thorco Projects A/S ("Thorco"), by its attorneys Palmer Biezup & Henderson LLP, as and for its Complaint against Defendant Sucres et Denrees SA of Paris ("Sucden Paris"), alleges as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for breach of a maritime contract, specifically the charter of an oceangoing cargo vessel, and sums due in respect to the performance of that contract. As such, the Court has admiralty and maritime jurisdiction over this case pursuant to 28 U.S.C. § 1333.

2. This Complaint is being filed to obtain security pursuant to Fed. R. Civ. P. Supp. B and 9 U.S.C. § 8 in connection with contemplated London arbitration proceedings between Thorco and Sucden Paris arising from a charter of the Motor Vessel THORCO LIVA ("the Vessel").

**The Parties**

3. Thorco is a foreign business entity organized and existing under the laws of a foreign country with a business address at Svanemoellevej 17, 2100 Copenhagen OE, Denmark.

4. Sucden Paris is a foreign business entity organized and existing under the laws of a foreign country with a business address at 20-22 rue de la Ville l'Eveque, Paris, 75008, France.

5. Sucden Paris has no known office, place of business, or agent for service of process in the Southern District of New York.

6. Upon information and belief, Sucden Paris has a business relationship with Garnishee Coffee America (USA) Corporation, which is a corporation organized and existing under the laws of the state of New York, with a principal place of business at 30 Wall Street, 9th Floor, New York, NY 10005.

**The Underlying Dispute**

7. Pursuant a charter party dated February 3, 2021, which is subject to English law and London arbitration, Thorco, as owner, chartered the Vessel to Sucden Paris, as charterer, to carry a cargo of bagged cocoa from Calabar, Nigeria, to Philadelphia, Pennsylvania or Camden, New Jersey (hereinafter the "Charter Party").  A copy of the Charter Party is attached hereto as Exhibit 1 and incorporated herein by reference.

8. The Charter Party specified $9,500.00 per day as both the demurrage rate and the detention rate.

9. Thorco duly performed its obligations under the Charter Party.

10. Due to cargo congestion at Camden, New Jersey (the discharge port selected by Sucden Paris), the Vessel lost time from April 19, 2021 to May 9, 2021, over a period of 19 days,

2

19 hours, 10 minutes, which equates to detention of $188,086.81 at the rate specified in the Charter Party.

11. Once docked at Camden, New Jersey, the Vessel lost further time as a result of the poor quality of the lashing and stowage performed by Sucden Paris's appointed stevedore at the load port.

12. In particular, Thorco incurred additional stevedoring charges of $157,500.00 at Camden to rectify the poor lashing and stowage and to enable the cargo to be discharged.

13. On account of the poor lashing and stowage at the load port and the consequent need for additional stevedoring labor, the Vessel's stay at Camden was prolonged by approximately 13 days, 13 hours, 5 minutes, which amounts to detention of $128,678.82 at the contractual rate.

14. By reason of the foregoing, Sucden Paris owes Thorco the sum of $474,265.63, consisting of $188,086.81 for the lost time from April 19, 2021 to May 9, 2021; $157,500.00 for the additional stevedoring charges at Camden; and $128,678.82 for the time lost at the berth in Camden, all as set forth in the invoices attached as Exhibit 2.

15. In breach of the Charter Party, Sucden Paris has failed to pay Thorco the sums due.

### Request for Maritime Attachment

16. Thorco expects to commence London arbitration proceedings to recover the amounts owed by Sucden Paris under the Charter Party, plus interest, expenses, costs, and attorneys' fees, all of which are recoverable in London arbitration as elements of the claim.

17. In this context, a one-third uplift in the amount sought to be attached is appropriate to account for anticipated interest, expenses, costs, and attorneys' fees associated with arbitrating the claim in London. *See, e.g.*, *Golden Horn Shipping Co. v. Volans Shipping Co. Ltd.*, 2016 WL 1574128, at *5 (S.D.N.Y. Apr. 15, 2016).

18. Thorco therefore seeks an attachment up to the amount of $632,354.16, consisting of $474,265.63 for the principal claim and $158,088.52 for estimated interest, expenses, costs, and attorneys' fees associated with London arbitration.

19. Upon information and belief, Thorco submits that Sucden Paris cannot be "found" within this District for the purpose of an attachment under Fed. R. Civ. P. Supp. B.

20. Upon information and belief, Sucden Paris now has, or during the pendency of this action will have, property, goods, chattels, or credits and effects present within this District, and Thorco is entitled to attach such property pursuant to Fed. R. Civ. P. Supp. B.

21. Upon information and belief, the named Garnishee, Coffee America (USA) Corporation, is a direct or indirect subsidiary of Sucden Paris and now has, or during the pendency of this action will have, certain tangible or intangible property, chattels, credits, freights, effects, debts, obligations, assets and/or funds belonging to, owed to, claimed by or being held for Sucden Paris.

22. Thorco therefore seeks an Order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Fed. R. Civ. P. Supp. B attaching, *inter alia*, any property of Sucden Paris held by the garnishee or otherwise present in this District for the purpose of obtaining personal jurisdiction over Sucden Paris, and to secure Thorco's claims as described above.

WHEREFORE, Thorco prays:

a. That process in due form of law according to the practice of this Court issue against Sucden Paris, citing it to appear and answer under oath all and singular the matters alleged;

b.   That to the extent Sucden Paris cannot be found within this District pursuant to Fed. R. Civ. P. Supp. B, all tangible or intangible property of Sucden Paris up to and including the sum of $632,354.16 be restrained and attached, including but not limited to any cash, funds, credits, debts, accounts, stock, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or any other property of or debt, belonging to, due to, from, or for the benefit of Sucden Paris, including but not limited to such property as may be within the possession, custody or control of any garnishee who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein; and

c.   That any Garnishees served with Process of Maritime Attachment and Garnishment appear and answer in accordance with the requirements of Fed. R. Civ. P. Supp. B; and

d.   That Thorco have such other, further and different relief as this Court may deem just and proper in the circumstances.

PALMER BIEZUP & HENDERSON LLP

Dated: November 30, 2021
New York, New York

By: /s/ Daniel H. Wooster
140 Broadway, 46th Floor
New York, NY 10005
(212) 406-1855
dwooster@pbh.com
Attorneys for Plaintiff Thorco Projects A/S